UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MELISSA COTHARD and FRANK GREEN,<br><br>Plaintiffs,<br><br>v.<br><br>J.D. BENEFIT SERVICES, INC., et al.,<br><br>Defendants. | Case No. 3:12-cv-00270-MMD-WGC<br><br>ORDER<br><br>(Defs.' Motion for Summary Judgment – dkt. no. 22;<br>Defs.' Motion to Extend Time – dkt. no. 23;<br>Plfs.' Motion to Dismiss Defs.' Motion for Summary Judgment – dkt. no. 28) |

## I.   SUMMARY

Before the Court is Defendants J.D. Benefit Services, Inc. ("JDB"), MFG Benefits, LLC ("MFG") and Steven Dalinis' Motion for Summary Judgment (dkt. no. 22) and Motion to Extend Time (dkt. no. 23), as well as Plaintiffs Melissa Cothard and Frank Green's Motion to Dismiss Defendants' Motion for Summary Judgment (dkt. no. 28). For the reasons set forth below, Defendants' Motion to Extend Time is denied, Defendants' Motion for Summary Judgment is denied, and Plaintiffs' Motion to Dismiss is denied.

## II.   BACKGROUND

### A.   Factual Background

Defendant JDB is a third party administrator of employee welfare benefit plans. It administers the health insurance plans of over 500 employees within Northern Nevada. (Dkt. no. 1 at 1.) Defendant MFG is the successor to and alter ego of JDB. (*Id.*) Defendant Steven Dalinis is the President of Sales at MFG (dkt no. 29), but was formerly the President, Secretary, Treasurer, and sole director of JDB (dkt no. 1 at 1). Plaintiffs

Melissa Cothard and Frank Green are former employees of MFG. (*Id.* at 2.) Plaintiffs allege that Defendant Dalinis engaged in fraudulent practices and that they were fired in retaliation for their inquiries into those practices.

### B. Procedural History

Plaintiffs filed their Complaint on May 21, 2012, seeking four claims for relief: (1) restitution of plan assets pursuant to 29 U.S.C. § 1109(a); (2) "violations of Nevada state law on insurance fraud"; (3) retaliation under 29 U.S.C. § 1140; and (4) "state law violations." (Dkt. no. 1.) Defendants filed an Answer on June 29, 2012 (dkt no. 4), and an Amended Answer on July 11, 2012 (dkt. no. 6).

On January 23, 2013, Magistrate Judge William G. Cobb held a status conference to discuss the discovery schedule. Plaintiffs sought an extension of the discovery deadline, which Defendants opposed except as applied to depositions. Judge Cobb ordered that the deposition deadline be extended to February 8, 2013, and that all dispositive motions be filed no later than February 27, 2013. (Dkt. no. 20.) Plaintiffs filed a timely Motion for Partial Summary Judgment on February 26, 2012 (dkt. no. 21). Defendants filed a Motion for Summary Judgment on March 1, 2013, two days after the dispositive motion deadline.  Defendants subsequently filed a Motion to Extend Time on March 4, 2013 (dkt no. 23), and Plaintiffs filed a Motion to Dismiss Defendants' Motion for Summary Judgment (dkt no. 28).

## III. DISCUSSION

### A. Motion to Extend Time

Federal Rule of Civil Procedure 6(b)(1)(B) provides that the Court may, for good cause, extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect." *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership* set forth a four-part balancing test for considering whether there has been "excusable neglect": (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the

2

movant; and (4) whether the movant acted in good faith. 507 US. 380, 395 (1993). While *Pioneer* involved the Federal Rule of Bankruptcy Procedure 9006(b)(1), the Court made clear that the test would also apply to Fed. R. Civ. P. 6(b)(1)(B). *Id.* at 391–92, 395; *see also Marlo v. United Parcel Serv.*, 453 F. App'x 682, 684 (9th Cir. 2011). The weighing of *Pioneer*'s equitable factors is within the discretion of the district court. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

### 1.     Danger of Prejudice

Plaintiffs argue that they are prejudiced by the delay because Defendant had the opportunity to read Plaintiffs' brief prior to filing their own motion. (Dkt. no. 24 at 1–2.) Plaintiffs further claim that the delay was particularly prejudicial because the filings were intended to be simultaneous. (*Id.*) Plaintiffs submitted their brief one day prior to the deadline despite the risk that Defendants would see Plaintiffs' brief before submitting their own. While the Court does not give merit to the claim that the dispositive motion deadline is meant for parties to file their respective motion simultaneously, the opportunity to spend two additional days considering Plaintiffs' brief could be prejudicial, thus pushing the first factor of *Pioneer*'s test slightly in favor of Plaintiffs.

### 2.     Length of the Delay

The delay in this case was two days. While not an insignificant amount of time, the delay was not egregious. Accordingly, this factor weighs in favor of Defendants.

### 3.     The Reason for the Delay

Defendants explain their delay by stating that "Defense counsel Catherine Reichenberg inadvertently mis-calendared the dispositive motion deadline by two days on her personal deadlines calendar." (Dkt. no. 23 at 2.) Defendants state that they did not catch this error because Defense counsel was "ill and out of the office the week prior." (*Id.*) The delay was fully within the control of counsel and is inexcusable. This factor weighs in favor of Plaintiffs.

///

///

### 4. Whether the Movant Acted in Good Faith

There is no allegation that Defendants' delay was intentional, and Defendants explicitly state that it was not. (Dkt no. 23 at 2–3.) Plaintiffs do bring to the Court's attention, however, that this mistake occurred after Defendants had refused to grant Plaintiffs an extension of the dispositive motion deadline. While this factor is important, it does not demonstrate that Defendants' counsel did not act in good faith. As a result, this factor is neutral.

In sum, Defendants provided no adequate reason for the delay and the delay did create a slight danger of prejudice for Plaintiffs. The Court thus does not find that good cause exists to support Defendant's extension request. Because Defendants' Motion to Extend Time is denied, its Motion for Summary Judgment is also denied for being untimely filed.

### B. Motion to Dismiss

Plaintiffs' Motion to Dismiss Defendants' Motion for Summary Judgment will be construed as a Motion to Strike. "The court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). "Under the express language of the rule, only pleadings are subject to motions to strike." *Sidney-Vinstein v. A.H. Robins, Co.*, 687 F.2d 880, 885 (9th Cir. 1983). As a motion for summary judgment is not a pleading, Plaintiffs' Motion must be denied.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion to Extend Time (dkt. no. 23) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment (dkt. no. 22) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Dismiss (dkt. no. 28) is DENIED.

///

The above referenced motions will not be heard on the July 30, 2013, hearing calendar.

DATED THIS 26th day of July 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE