**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MELISSA COTHARD and FRANK GREEN, | 3:12-cv-00270-HDM-WGC |
| Plaintiffs, | |
| vs. | ORDER |
| J.D. BENEFIT SERVICES, INC., et al., | |
| Defendants. | |

Plaintiffs Melissa Cothard and Frank Green have filed a complaint against defendants J.D. Benefit Services, Inc. ("JDB"), MFG Benefits, LLC ("MFG"), and Steven Dalinas (collectively "defendants") asserting four causes of action: (1) "Restitution of Plan Assets Pursuant to 29 U.S.C. § 1109(a)"; (2) "Nevada State Law on Insurance Fraud"; (3) "§510 ERISA RETALIATION, 29 U.S.C. §1140"; and (4) "State Law Violations."  Presently before the court is the plaintiffs' motion for partial summary judgment (#21).  The defendants have opposed (#29) and the plaintiffs have replied (#32).

In their motion for summary judgment, the plaintiffs seek "partial summary judgment and/or summary adjudication on their

1

second and fourth cause of action for breach of fiduciary duty, indemnity, contribution and an accounting." (Pl. Mot. Summ. J. at 3.)  Plaintiffs also "assume *arguendo* for the purposes of this motion only, and without prejudice, that all the insurance plans [at issue] meet the criteria for exclusion from ERISA coverage under 29 C.F.R § 2510.3-1(j)." *Id.* at 5.

**Standard**

Summary judgment shall be granted "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden of demonstrating the absence of a genuine issue of material fact lies with the moving party, and for this purpose, the material lodged by the moving party must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1378 (9th Cir. 1998).  A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. *Lynn v. Sheet Metal Workers Int'l Ass'n,* 804 F.2d 1472, 1483 (9th Cir. 1986); *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

Once the moving party presents evidence that would call for judgment as a matter of law at trial if left uncontroverted, the respondent must show by specific facts the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may

2

be granted." *Id*. at 249-50 (citations omitted).  "A mere scintilla of evidence will not do, for a jury is permitted to draw only those inferences of which the evidence is reasonably susceptible; it may not resort to speculation." *British Airways Board v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978); *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596 (1993) ("[I]n the event the trial court concludes that the scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free . . . to grant summary judgment."). Conclusory allegations that are unsupported by factual data cannot defeat a motion for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

**Analysis**

I.  Plaintiffs' Second Claim: "Nevada State Law on Insurance Fraud"

In order to recover on their second claim, plaintiffs must first show that they have standing to bring this claim and that the claim is ripe for adjudication.  In order to satisfy the standing doctrine of Article III of the United States Constitution, a plaintiff must show that "(1) it has suffered an 'injury in fact' that is (a) concrete and particularlized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative that the injury will be redressed by a favorable decision." *Friends of the Earth v. Laidlaw Env. Servs., Inc.*, 528 U.S. 167, 180-181 (2000). Additionally, in order to meet the requirements of the doctrine of ripeness, plaintiffs must show that there exists "a constitutional

3

'case or controversey,' that the issues presented are 'definite and concrete, not hypothetical or abstract." *Thomas v. Anchorage Equal Rights Comm'n.*, 220 F.3d 1134, 1139 (9th Cir. 2000).

Plaintiffs have failed to allege material issues of fact that establish that plaintiffs suffered an actual injury caused by the defendants' alleged breach of fiduciary duty, and so have failed to satisfy the standing doctrine with regard to this claim. They themselves are not beneficiaries of any of the insurance plans at issue in this lawsuit (Def. Opp'n. at 5). Plaintiffs have not clearly stated the legal standard for co-fiduciary status under Nevada state law, and have not shown through evidence how plaintiffs have met such a standard. The exact nature of plaintiffs' job titles and responsibilities at MFG is disputed (*compare, e.g.,* Def. Opp'n. at 4 *with* Pl. Reply (Pl Statement of Facts at 2)). Even assuming plaintiffs are co-fiduciaries, the plaintiffs have not demonstrated that they could be held liable under Nevada law.

Additionally, the plaintiffs have failed to show that there are material issues of fact demonstrating that the claim is ripe for adjudication. They have not shown that there are any pending, threatened, or imminent claims against the defendants for which the plaintiffs could be held liable.

Accordingly, the plaintiffs have failed to show that the material issues of fact in this case entitle them to judgment as a matter of law with regard to their second claim.

II. Plaintiffs' Fourth Claim: "State Law Violations"

The court liberally construes the plaintiffs' fourth cause of action as a claim for relief for retaliation and wrongful

4

termination under state law.  The plaintiff's reply supports this reading.  (See Pl. Reply at 7 ("Plaintiffs have standing to bring its forth [sic] cause of action for wrongful termination under state law against defendants . . . ").) However, Nevada has several types of retaliatory discharge, and the plaintiffs have failed to identify the relevant legal standard and state law.  The facts surrounding the plaintiffs' discharge remain in dispute (*compare, e.g.*, Compl. at 2-3. *with* Def. Opp'n at 5.), and the plaintiffs have not shown that the facts satisfy any relevant legal standard and entitle them to judgment as a matter of law.

**Conclusion**

In accordance with the foregoing, the plaintiffs' motion for partial summary judgment (#21) is **DENIED**.

IT IS SO ORDERED.

DATED: This 17th day of September, 2013.

_____
UNITED STATES DISTRICT JUDGE